```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                 WESTERN DIVISION
```

THE CINCINNATI GAS & ELECTRIC :
COMPANY, (k/n/a DUKE ENERGY   :
OHIO),                        :
                              :    NO. 1:06-CV-00331
        Plaintiff,            :
                              :
   v.                         :    **OPINION AND ORDER**
                              :
THE HARTFORD STEAM BOILER     :
INSPECTION AND INSURANCE CO., :
et al.,                       :
                              :
        Defendants.           :

This matter is before the Court on Defendants' Motion for Reconsideration of Opinion and Order on Parties' Cross-Motions for Summary Judgment (doc. 35), Plaintiff's Memorandum in Opposition (doc. 37), and Defendants' Reply (doc. 39). For the reasons indicated herein, the Court DENIES Defendants' Motion for Reconsideration.

**I. Background**

This matter involves a dispute over whether Defendants' insurance contract covers the costs of Plaintiff's spare transformer. In its previous Order, the Court found ambiguity in an extra expense exclusion provision[1] in the contract and proceeded

---

[1] The extra expense exclusion in the Policy's Endorsement No. 2 states "It is agreed that there shall be no recovery under this policy for any Extra Expense incurred in the generation, transmission, purchase, replacement, trading, or distribution of electrical power." The Court found such exclusion on its face is

to review extrinsic evidence to determine the intent of the parties (doc. 33). Although some of the extrinsic evidence could be viewed to support the position of either side, the Court found that history of riders showed language reflecting that the intended coverage was broad and the exclusion only applied to the purchase of electric power (Id.). As such, the Court found the Defendants liable to Plaintiff for the costs of the spare transformer, and set the matter for trial on the amount of damages (Id.).

Defendants now ask the Court to reconsider its grant of partial summary judgment for Plaintiff (doc. 35). Defendants argue that disputed questions of the parties' intent should be left for a jury to decide, and are improper for disposition by summary judgment, and in the alternative, that the exclusion provision unambiguously excludes the costs in question (Id.).

**II. ANALYSIS**

**A. The Standard for Reconsideration**

A motion for reconsideration is generally treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). McDowell v. Dynamics Corp. of America, 931 F.2d 380, 382 (6th Cir. 1991). Ordinarily, such a motion may be granted if there is a clear error of law, newly discovered evidence, an

---

subject to various reasonable interpretations, as it could exclude just about everything related to Plaintiff's business, or it could be viewed to relate to electrical power, and not exclude the costs associated with equipment (doc. 33).

intervening change in controlling law, or a need to prevent manifest injustice. Gencorp v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). However, a motion for reconsideration is not a tool for an unhappy party to use in order to relitigate matters already decided. Ashburn v. Gen. Nutrition Ctrs., Inc., 533 F. Supp. 2d 770, 773 (N.D. Ohio 2008). Nor is it available to advance new arguments or theories that could have or should have been raised prior to the Court's ruling on a motion for summary judgment. Martin v. A.O. Smith Corp., 931 F. Supp. 543, 550 (W.D. Mich. 1996).

**B. Defendants' Motion for Reconsideration**

Defendants argue first that to the extent the Court stands by its determination that the extra expense exclusion is ambiguous, the Court erred in determining the disputed question of contractual intent, because it is a factual issue that must be presented to the jury (doc. 35). Defendants argue the Court should have simply determined whether a genuine issue of material facts exists, as opposed to weighing the extrinsic evidence (Id.). Citing B.F. Goodrich Co. v. United States Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001), Defendants argue disputed issues of contractual intent are factual issues which should not be resolved by summary judgment (Id.). Defendants contend the Court "found the extrinsic evidence of contractual intent can be viewed from the perspective of either party," but then impermissibly made

3

credibility determinations, which should be left to the fact-finder (Id.). Moreover, Defendants argue they have not completed discovery on the factual issues the Court has resolved, and that despite the fact the parties submitted affidavits in support of their cross motions, not a single deposition has been completed (Id.).

Defendants argue in the alternative that the extra expense exclusion is unambiguous (Id.). Defendants argue the Court erred in finding to the contrary, based on its reading of the provision in accordance with Plaintiff's view, that the provision could be read to exclude losses related to electrical power, as opposed to property (Id.). Defendants argue Duke has manufactured an ambiguity by drawing an artificial distinction between "electrical power" and "property," and reiterate their view that the cost of the spare transformer was incurred to deliver power (Id.). As such, Defendants argue, no coverage should be provided for the extra expenses associated with the spare transformer (Id.).

**C. Plaintiff's Response**

Plaintiff argues that no extraordinary circumstances exist to justify granting the Motion for Reconsideration (doc. 37). In response to the Insurers' argument that the policy unambiguously excluded the costs because "extra expenses" were defined to include costs of temporarily using property, Duke asserts that the Court should reject it because it is a rehashed argument already

4

considered in the summary judgment phase (Id. citing Harrington v. Ohio Wesleyan University, 2008 U.S. Dist. LEXIS 3411, at *8-9 (S.D. Ohio Jan. 16, 2008)).

Duke argues that, in any event, the Court properly rejected Defendants' contention that the extra expense endorsement unambiguously excluded the costs associated with the spare transformer (Id.). Duke reiterates its contention that Endorsement No. 1 is written in terms of property and covers the spare transformer, while the exclusion provision, Endorsement No. 2 is written in terms of power but not property (Id.). Duke asserts that the policy's primary purpose, as the Court found, is to cover property loss (Id.). Duke argues should Defendants have wished to exclude the costs of the spare transformer, they "should have expressly excluded extra expense coverage for *property* used to generate, transmit and distribute electrical power clearly and unambiguously" (Id. (emphasis original)). Duke further argues that the plain meaning of Endorsement No. 2 does not unambiguously exclude the costs at issue here because Duke incurred them from transporting and installing the spare transformer, rather than generating, transmitting, or distributing electrical power (Id.). In addition, Duke argues that a transformer's function is merely to transform current rather than generate, transmit, or distribute electrical power (Id.).

Duke next responds to Defendants' contention that

5

sufficient extrinsic evidence exists to create a genuine issue of material fact (Id.). They argue that summary judgment was properly entered because the extrinsic evidence overwhelmingly favored Duke's interpretation of the provision (Id.). Duke quotes Gencorp Inc. v. American Int'l Underwriters, 178 F.3d at 818-19 (6th Cir. 1999), in signaling that "[s]ummary judgment may be appropriate even if ambiguity lurks as long as the extrinsic evidence presented to the court supports only one of the conflicting interpretations" (Id.). Plaintiff also cites Compagnie Financiere de CIC et de l'Union Europeenne v. Merrill Lynch, 232 F.3d 153, 159 (2d Cir. 2000), for the proposition that the Court may resolve ambiguity in a contract as a matter of law where overwhelming weight of the extrinsic evidence supports one party's interpretation of a contract (Id.). In Merrill Lynch, the court concluded plaintiffs were entitled to summary judgment because "the extrinsic evidence [was] so one sided that no reasonable factfinder could decide contrary to [plaintiffs'] interpretation" (Id. (citing 232 F.3d at 159)).

Duke further argues that Defendants' reliance on B.F. Goodrich, 245 F. 3d at 598-99 is misplaced, as the facts of the case are distinguishable. Duke argues that in B.F. Goodrich, unlike here, sufficient evidence existed to show a genuine question as to the parties' intent (Id.). In the case at hand, Duke argues the evidence was overwhelmingly in its favor, and then surveys the

6

evidence that the Court already reviewed in its previous Order (Id.). Finally, Plaintiff argues Defendants' request to reopen discovery is belated, and contrary to the parties' joint request at the February 27, 2007 conference that the Court determine the meaning and intent of the policy without additional discovery (Id.). Should Defendants have believed additional discovery was necessary, Plaintiff argues, they could have sought that discovery by way of a Rule 56(f) motion (Id.).

**D. Defendants' Reply**

In reply, the Insurers argue the Court could only have granted summary judgment for Duke if the extrinsic evidence supported "only one of the conflicting interpretations" (doc. 39 citing Gencorp, 178 F.3d at 818). Defendants argue that, significantly, the Court did not make such a finding (Id.). In fact, argue the Insurers, the Court recognized that "the evidence can be viewed from either perspective" (Id., (citing doc. 33)). Defendants contend that Duke, in its Response, attempts to convince the Court to do what it did not actually do in its earlier Opinion and Order and find that the evidence of contractual intent is so one-sided in Duke's favor as to grant summary judgment (Id.).

Defendants next proceed to survey again the history preceding the contract, which the Court already reviewed in its prior Order (Id.). The Defendants argue the negotiating history shows the extrinsic evidence is not one-sided in favor of

7

Plaintiff's interpretation of the exclusion endorsement (Id.).

Defendants clarify their argument about incomplete discovery (Id.). They assert that if the Court grants their Motion for Reconsideration, there needs to be more discovery done before the issue of contractual intent is tried before a jury (Id.). In the alternative, Defendants state discovery would be limited to the question of damages (Id.).

Finally, Defendants again argue that the exclusion is unambiguous (Id.). They cite to Endorsement No. 1(b), which states extra expenses include the cost of "temporarily using property," and argue that the exclusion must therefore apply to the spare transformer (Id.). Thus, argue Defendants, the exclusion must apply to the costs of installing and transporting the transformer because such costs were incurred in "temporarily using property" (Id.). Defendants contend that Duke's entire argument rests on the absence of the word "property" from Endorsement No. 2 (Id.). Defendants contend that because the exclusion, in fact, does include property (by way of referring to Endorsement No. 1), the only question is whether the costs associated with the spare transformer were "incurred in the generation, transmission, purchase, replacement, trading, or distribution of electrical power" (Id.). Defendants argue the answer to such question is that the costs were so incurred because they were incurred, as even Duke acknowledged, "to deliver power" (Id.).

8

**III. Discussion**

Having reviewed this matter, the Court does not find its previous Order clearly erroneous, resulting in manifest injustice, or otherwise qualifying for the extraordinary remedy Defendants seek. Penton Media, Inc. v. Affiliated FM Ins. Co., No. 1:03-CV-2111, 2006 U.S. Dist. LEXIS 64387, 6-7 (N.D. Ohio August 28, 2006). The Court stands by its conclusions that the exclusion to the extra expense endorsement is ambiguous, and that the extrinsic evidence in this matter permitted an interpretation of the contract as a matter of law in favor of Plaintiff.

The determination of whether a contract term is ambiguous is a legal issue to be resolved by the Court. Gencorp, 178 F.3d at 817. A term that, on its face, is subject to various reasonable interpretations qualifies as ambiguous. Id. at 818. Thus, given that the Court determined that the parties presented arguments showing more than one reasonable interpretation of Endorsement No. 2, the Court did not clearly err in making a determination of ambiguity.

Defendants misread the Court's prior Order and misapply the case law upon which they rely. Based on B.F. Goodrich Co. v. United States Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001), Defendants argue disputed issues of contractual intent are factual issues which should not be resolved by summary judgment (Id.). However, the same decision states that "[s]ummary judgment. . .is

9

permissible when the contractual language is ambiguous but the extrinsic evidence creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law." B.F. Goodrich Co., 245 F.3d at 596 (internal citations omitted).

This case involved a large amount of extrinsic evidence, which the Court parsed through in its previous Order. Both sides argued the evidence militated in their favor. The Court reviewed it all, finding that some of it could be viewed either way, but ultimately concluding that the history of riders made appropriate a ruling in favor of Plaintiff. Should the language in the previous Order have been inartfully drafted, the Court now clarifies that it has found no genuine issue of material fact as to the intent of the parties, based on its review, twice, of all of the extrinsic evidence in the case. The history of riders showed no genuine issue as to the intent of the parties in intending broad insurance coverage, and no genuine issue that the exclusion only applied to the purchase of electric power. Despite the Defendants' arguments to the contrary, the remaining extrinsic evidence, in the Court's view, raised no genuine issue as to the intent of the parties, and therefore Plaintiff was and is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-

10

movant]"). The Court finds Defendants' motion highly repetitive, and agrees that to the extent Defendants raise new arguments, such arguments are not a proper basis for reconsideration. Harrington v. Ohio Wesleyan University, 2008 U.S. Dist. LEXIS 3411, at *8-9. Finally, the Court agrees that discovery on the question of damages is appropriate in this matter, as it shall now proceed to trial on such question.

**IV. Conclusion**

The Court finds no clear error of law or manifest injustice in its former Order finding Defendants liable under the terms of its contract with Plaintiff. Gencorp v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Accordingly, the Court DENIES Defendants' Motion for Reconsideration of Opinion and Order on Parties' Cross-Motions for Summary Judgment (doc. 35). Consistent with its previous Orders (docs. 38, 40), this matter shall proceed with a status conference on September 18, 2008, at which time, absent settlement, the Court shall set this matter for final pretrial conference and trial on the question of damages.

SO ORDERED.

Dated: September 9, 2008     /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge